UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY SMITH, :
         Petitioner :
    vs. : CIVIL NO. 1:CV-14-0763
 :
WARDEN THOMAS, : (Judge Caldwell)
 :
         Respondent :

*M E M O R A N D U M*

I.   *Introduction*

Rodney Smith has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the sentence he received in the United States District Court for the Eastern District of Pennsylvania on two convictions in 2008 for possession of a firearm and ammunition by a convicted felon. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

Petitioner's sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), for a 1980 Pennsylvania conviction under 35 Pa. Con. Stat. § 780-113(a)(30) for possession with intent to deliver. Petitioner argues this was error in light of *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and the Third Circuit's decision in *United States v. Tucker*, 703 F.3d 205 (3d Cir. 2012).[1]

---

[1] *Descamps* established that in determining whether a defendant's prior conviction serves as a qualifying ACCA predicate offense, a sentencing court begins with a "categorical approach" of comparing "the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime" and does not look "to the particular facts underlying those convictions" for the purpose of determining whether it is a violent crime or serious drug offense. *Id.* at ___, 133 S.Ct. at 2281 - 2283. However, were a "statute is 'divisible' — i.e., comprises of multiple, alternative versions of the crime," the sentencing courts takes a "modified categorical

II.     *Background*

> On February 6, 2008, after a three-day trial, a jury verdict was returned. The jury found Smith guilty [on two counts of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § § 922(g)(1) and 924(e)]. On May 15, 2008, Smith's sentencing hearing was held. At the hearing, the Court determined that Smith's total offense level was 40, and that he was in a criminal category of VI, which led to an advisory guideline range of 360 months to life imprisonment. Ultimately, the Court followed the advisory guideline, and sentenced Smith to 360 months, five years of supervised release, a fine of $5,000, and a $300 special assessment fee. Smith filed appeal. The Third Circuit affirmed both the conviction and sentence.[2]

*Smith v. United States*, No. 10-7073, 2012 WL 3135638, *1 (E.D. Pa. Aug. 2, 2012)(footnote added).

Smith filed a 28 U.S.C. § 2255 motion seeking to vacate his sentence. (*Id.*) Among other arguments raised in the motion, Petitioner argued that his criminal history did not justify invocation of the ACCA. (*Id.*) Specifically, he claimed his trial counsel and appellate counsel were ineffective when they failed to object to the omission from the indictment of the prior convictions relied upon for enhancement under the ACCA and when they failed to challenge the prosecution's assertion that the 1980 state-court conviction was a drug offense for the purpose of the ACCA. (*Id.*)

---

approach" where it is "permitted to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction" *Id.* at ___, 133 S.Ct. at 2284.

In *Tucker*, the Third Circuit held that a modified categorical approach was proper when assessing whether a conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) is a predicate offense under the ACCA. *Id.*; *see also United States v. Abbott*, 748 F.3d 154, 156 (3d Cir. 2014) ("35 Pa. Cons. Stat. § 780-113(a)(30) is divisible and, accordingly, the trial court's use of the modified categorical approach was proper.").

[2] *See United States v. Smith*, 362 F. App'x 297 (3d Cir. 2010)(nonprecedential).

-2-

The district court denied the § 2255 motion as to claims of deficient performance of his various counsel, in part, on the basis that "the offense in question constituted a serious drug offense, as certified [copies of Petitioner's felony convictions] show that Petitioner Smith was convicted for possession with intent to deliver methamphetamine." (*Id.*, at \*2). The Third Circuit declined to issue a certificate of appealability. *See* Doc. 13-2, ECF pp. 69-70, *United States v. Smith,* No. 12-3281 (3d Cir. Apr. 1, 2013).

On April 1, 2014, the Third Circuit denied Smith's request to file a second or successive motion to vacate his sentence based on *Descamps*, *supra*, and *Tucker*, *supra*. *See* Doc. 13-2, ECF p.79, *In Re: Rodney Smith*, No. 14-1382 (3d Cir. Apr. 1, 2014). The court of appeals held that Smith's claims based on these cases "do not rely on '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2255(h)." (*Id.*)

On April 21, 2014, Smith filed the instant petition.

III.   *Discussion*

In general, the presumptive means for federal prisoners to challenge their convictions or sentences is a motion to vacate, set aside or correct filed pursuant to 28 U.S.C. § 2255 before the sentencing court. 28 U.S.C. § 2255(a). The defendant may only invoke section 2241 when he shows under section 2255's "safety valve" provision in section

2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007) (nonprecedential).

      In the instant petition, Smith argues he can rely on § 2241 because an intervening change in the law renders him factually innocent of being a career offender. Specifically, Smith claims his 1980 drug conviction does not qualify as a serious drug offense for the purposes of the ACCA in light of *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) and *United States v. Tucker*, 703 F.3d 205 (3d Cir. 2012).

We must dismiss the § 2241 petition because we lack jurisdiction to consider it.  Under *Dorsainvil*, § 2255 is inadequate or ineffective if the petitioner had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law.  119 F.3d at 251-52.  However, *Dorsainvil* is not applicable here because Smith is not challenging his conviction; he is instead claiming the sentencing court erroneously held that his 1980 state drug conviction was a serious drug offense for the purpose of using the conviction for the purpose of sentencing him as a career offender. *Dorsainvil* does not apply in these circumstances.  *Okereke*, 307 F.3d at 120-21 (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing  and did not render the conduct for which he was convicted not criminal). *See also Mikell v. Recktenwald*, 545 F. App'x 82, 84 (3d Cir. 2013)(nonprecedential)(the "simplest reason for denying the relief under § 2241 is that *Dorsainvil* allows relief under § 2241 only when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. [Petitioner] makes no allegation that he is actually innocent of the drug crime for which he was convicted; he asserts only that his sentence was improper.  The *Dorsainvil* exception is therefore inapplicable, and relief under § 2241 is not available")(internal citations omitted)*; McIntosh v. Shartle*, 526 F. App'x 150, 152 (3d Cir. 2013)(nonprecedential)("McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241."); *Green v. Bledsoe*, 466 F. App'x 71, 72-73 (3d Cir. 2012)(nonprecedential) (*Dorsainvil* exception did not allow petitioner to use section 2241 to pursue his claim of being actually innocent of being a career offender since "Green makes no allegation that he

is actually innocent of the crime for which he was convicted; he asserts only that his sentence was improper")(citing *Okereke*).

Because a sentencing claim such as presented by Smith is not the type of claim that a federal prisoner may bring by way of a § 2241 habeas petition, the petition will be dismissed.

An appropriate order follows.

                                         /s/ William W. Caldwell  
                                         William W. Caldwell  
                                         United States District Judge

Date: November 12, 2014